**UNITED STATES of America, Plaintiff,**

v.

**Luis COLON–RIVERA Defendant.**

**No. CR. 92–15(HL).**

United States District Court, D. Puerto Rico.

Jan. 31, 2002.

Luis Colon-Rivera, Lewisburg, PA, pro se.

**OPINION AND ORDER**

LAFFITTE, Chief Judge.

Before the Court is Defendant Luis Colon–Rivera's ("Colon") motion to correct his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). In 1992, Colon pled guilty to count one of the indictment for the commission of a bank robbery in violation of 18 U.S.C. § 2113(a), (d), and 2; and to count two for the using and carrying of a firearm during the commission of the bank robbery in violation of 18 U.S.C. § 924(c)(1)(iii) and 2. Colon was sentenced to a term of imprisonment of 175 months as to count one, and 60 months as to count

two to be served consecutively for a total of 235 months.

In calculating Colon's total offense level for sentencing purposes, a seven-level enhancement under count one for discharging a firearm in relation to his bank robbery conviction was applied. U.S. SENTENCING GUIDELINES MANUAL § 2B3.1(b)(2) (1992). Colon avers that Amendment 599, which became effective November 1, 2000, abolished the seven-level enhancement he received under count one. Accordingly, he is requesting that his term be reduced in recognition of this change to the guidelines. Yet, for the reasons set forth below, the Court hereby DENIES Colon's motion.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a prison term "in the case of a defendant who has been sentenced... based on a sentencing range that has subsequently been lowered by the Sentencing Commission... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In effect, Amendment 599 revised Application Note 2 to § 2K2.4, which governs the appropriate sentence for violations of 18 U.S.C. § 924(c). Revised Application Note 2 states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or a firearm when determining the sentence for the underlying offense.

This amendment has significantly altered the language and substance of the application note. Moreover, the Sentencing Commission specifically indicated that the amendment applies retroactively. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (Nov.2000).

There is no dispute in this case that Colon received a seven-level enhancement under § 2B3.1(b)(2) for the discharge of a firearm, and that under the revised amendment Colon would not have received this enhancement. There is also no dispute that the amendment is applicable to Colon's case and retroactive. However, the Court's inquiry cannot end here. There is a problem with Colon's argument that the Court must address. To understand the problem posed by Colon's motion, the Court must first examine the manner in which Colon was sentenced and the effect the reduction would have if granted.

For Colon's sentencing, the Court determined that his total offense level was 34 with a criminal history of III as to the robbery count. This total offense level included the seven-level enhancement challenged by the present motion. The guideline range at this level for only count one is 188 to 235 months. However, Colon had also pled guilty as to count two for the use of a firearm during the commission of the robbery, which carried a mandatory 60 month consecutive sentence. Taking this into account, the Court subtracted 60 months from both the minimum and maximum of the guideline range for count one to establish the range actually used in the sentencing. Specifically, the range used for just the robbery count was 128 to 175 months (188–60 = 128; 235–60 = 175), of which he received the 175 month maximum.

Now, if the Court were to re-sentence Colon under the current guidelines, the Court would not apply the seven-level enhancement as per amendment 599 resulting in a total offense level of 27 with a criminal category III as to the robbery count. At this level, the sentencing range is from 87 to 108 months, a considerable difference from what Colon received. Of

course, this would be combined with the mandatory consecutive sentence of 60 months for the use of the firearm, resulting in a total maximum penalty of 168 months of imprisonment. Herein lies the problem. The total maximum penalty under the revised amendment for both counts is considerably less (168 months) than the total maximum penalty that Colon would have received had he only been convicted of just one count of robbery (235 months). Under this scheme, Colon would actually benefit from being convicted for the second, separate firearm violation under 18 U.S.C. § 924(c) with a prison term that is 67 months less than the one he would have received had he only been convicted of the robbery count.

Paragraph three of Application Note 2 of § 2K2.4 describes just such an occurrence. That paragraph states that in certain cases, "the offense level for the underlying offense... may result in a guideline range that, when combined with the mandatory consecutive sentence under 18 U.S.C. § 924(c)...produces a total maximum penalty that is less than the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 924(c)." In such an instance, the application note advises that an upward departure may be warranted so that a conviction under 18 U.S.C. § 924(c) does not result in a decrease in the total punishment. This is warranted so long as the upward departure does not exceed the maximum of the guideline range that would have resulted had there not been a count of conviction under 18 U.S.C. § 924(c). U.S. SENTENCING GUIDELINES MANUAL § 2K2.4, Application Note 2.

Here, the total 235 months Colon received for both counts does not exceed the maximum penalty that Colon would have received had he only been convicted of the robbery count, which is also 235 months. As such, pursuant to Application Note 2, Colon does not qualify for a reduction, and the Court will not grant a reduction which would in effect reward Colon with a reduction of his prison term for having been convicted for a second count under 18 U.S.C. 924(c).

WHEREFORE, the Court DENIES Defendant's motion for a reduction of his term of imprisonment, Dkt. # 107.

**IT IS SO ORDERED.**